**In re BLEVINS CONCESSION SUPPLY COMPANY, Debtor.**

**Bankruptcy No. 95–4667–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 23, 1997.

Jeffrey Warren, Tampa, FL, for Debtor.

Marsha Rydberg, Tampa, FL, for Creditor.

Douglas Menchise, Clearwater, FL, trustee.

W. Keith Fendrick, Tampa FL, Robert Hoelscher, Philadelphia, PA, for Claimant.

### ORDER ON TRUSTEE'S AMENDED OBJECTION TO CLAIM NO. 483 FILED BY TALLARD B.V. ("TALLARD")

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the allowability of Claim No. 483, filed by Tallard B.V. (Tallard) as an unsecured claim in the amount of $1,500,000. The objection to the allowance of the claim is interposed by Douglas Menchise (Trustee). It is the Trustee's contention that the amount claimed by Tallard was, in fact, a contribution to capital and not a bona fide loan. In the alternative, the Trustee contends that even if this Court finds that the amount claimed by Tallard is a bona fide loan and, thus, a debt owed by the Debtor, the debt should be subordinated to all allowed unsecured claims, pursuant to Section 510(a) of the Bankruptcy Code, based on the alleged inequitable conduct by Tallard.

At the duly scheduled final evidentiary hearing, the following relevant facts were established:

In the Spring of 1994, the Debtor, Blevins Concession Supply Company, purchased all of the assets of an entity by the name of Charles Chips Corp. The purchase price of $7,500,000 was funded by a $6,000,000 increase in the Debtor's line of credit with Bank of Boston. The remaining $1,500,000 came from a capital contribution from either Tallard or another investment company owned and controlled by Peter Wallenberg.

In April 1995, the Debtor started to have cash flow problems, although the cause of these financial problems is unclear. It appears that at that time, although the Debtor was current in its loan payments to Bank of

Boston, the Debtor was already in default with respect to certain loan covenants and the Bank of Boston threatened to cut off the Debtor's line of credit unless the Debtor's cash flow problems were corrected. Tallard offered to advance to the Debtor the amount of $1,500,000 to assist the Debtor with its financial problems. The Debtor's shareholders and directors unanimously consented to and approved the advance. (Tallard Exhibit 9). Tallard's advance of funds to the Debtor forms the basis for Proof of Claim No. 483.

Basically, these are the relevant facts as they appear from the record and which, according to the Trustee, warrant the finding that the monies advanced by Tallard were, in fact, an investment, i.e. capital contribution, and not a bona fide loan. Alternatively, even if this Court finds that the advance was a loan, the Trustee contends that the loan should be subordinated pursuant to 11 U.S.C. § 510(a) on equitable grounds. Although the factors considered in determining these issues overlap to a certain extent, the issues should be addressed separately. *See In re Hyperion Enterprises, Inc.*, 158 B.R. 555, 561 (D.R.I.1993).

> ... [E]quitable subordination 'permits a bankruptcy court to take account of misconduct of one creditor towards another' to 'subordinate those debts, the creation of which was inequitable vis-a-vis other creditors.' *In re Giorgio*, 862 F.2d at 939 (emphasis in original). On the other hand, where shareholders have substituted debt for adequate risk capital, their claims are appropriately recast as equity regardless of satisfaction of the other requirements of equitable subordination. *See Diasonics, Inc. v. Ingalls*, 121 B.R. 626, 630 (Bankr. N.D.Fla.1990).

*Id.*

### BURDEN OF PROOF

At the outset, it should be noted that Tallard properly executed and filed a claim which is presumptively valid pursuant to F.R.B.P. 3001(f). The Proof of Claim conforms substantially to the Official Form. The face of the Proof of Claim states that the basis of the claim is "money loaned." Attached to the Proof of Claim is Tallard's Statement of Claim which states that the basis for liability is Tallard's advancement of the amount of $1,500,000.00 to the Debtor, along with the loan documents supporting the claim. The burden, therefore, shifted to the Trustee "to produce evidence sufficient to negate the prima facie validity of the filed claim ... [by] producing sufficient evidence to negate one or more of the sworn facts in the proof of claim ..." *In re Allegheny Intern., Inc.* 954 F.2d 167, 173–74 (3rd Cir. 1992).

### WHETHER TALLARD'S ADVANCE IS A LOAN VS. A CAPITAL CONTRIBUTION

In attempting to negate the prima facie validity of Tallard's claim, the Trustee argues that Tallard's loan to the Debtor was in reality a contribution to capital. The issue of whether an advance constitutes a loan versus a capital contribution has been extensively litigated in the past, frequently in connection with tax litigation. *See e.g. Montclair, Inc. v. C.I.R.*, 318 F.2d 38 (5th Cir. 1963). In considering this issue, the courts have considered several or at times all of the following factors:

(1) the names given to the certificates evidencing the indebtedness;

(2) the presence or absence of a fixed maturity date;

(3) the source of payments;

(4) the right to enforce payment of principal and interest;

(5) participation in management flowing as a result;

(6) the status of the contribution in relation to regular corporate creditors;

(7) the intent of the parties;

(8) 'thin' or adequate capitalization;

(9) identity of interest between creditor and stockholder;

(10) source of interest payments;

(11) the ability of the corporation to obtain loans from outside lending institutions;

(12) the extent to which the advance was used to acquire capital assets; and

(13) the failure of the debtor to repay on the due date or to seek a postponement.

See *In re Lane*, 742 F.2d 1311, 1314–1315 (11th Cir.1984) quoting *Estate of Mixon* v. *U.S.*, 464 F.2d 394, 402 (5th Cir.1972); *See Matter of Mobile Steel Co. v. Diamond*, 563 F.2d 692 (5th Cir.1977); *In re Hillsborough Holdings Corp.*, 176 B.R. 223 (M.D.Fla.1994).

In the instant case, a Convertible Subordinated Promissory Note (Note) in the principal amount of $1,500,000.00 was executed by the President of the Debtor on April 4, 1995. The Note provided for periodic interest payments to be made by the Debtor and that the unpaid principal balance, together with all accrued, unpaid interest was due and payable in full on September 30, 1996. Clearly, the repayment of the advance was not tied to the "fortunes of the business" and, therefore, the repayment terms of the Note are indicative of a loan and not a capital contribution. *See Lane, supra* at 1315–1316.

With respect to the intent of the parties, the Trustee contends that the purpose and intent of the Note was to give Tallard a controlling equity position in the Debtor. It is undisputed, however, that the Debtor needed an infusion of funds only on a short-term basis of approximately one year in order for the Debtor to correct its cash flow problems. Furthermore, the Debtor's other shareholders did not want their interests diluted. For these two reasons, the transaction was structured as a loan. This characterization of the advance is bolstered by the testimony of Randall Green, then president of the Debtor, that Tallard insisted that the $1,500,000 advance be structured as a loan and that the Debtor never objected to that structure. Upon examining the circumstances surrounding the transaction, this Court is satisfied that the objective intent of the Debtor and Tallard was to structure the transaction as a loan.

This Court is also satisfied that the record is devoid of any evidence that the Debtor was undercapitalized initially or that the Debtor was unable to obtain a loan from an outside lending institution.

Having considered the factors outlined in Lane, *supra*, this Court is satisfied that Tal-lard's advance is properly characterized as a loan. The Trustee has failed to produce any evidence to negate the prima facie validity of Claim No. 483 and therefore, Claim No. 483 should be allowed.

## EQUITABLE SUBORDINATION

 With respect to the Trustee's alternative argument, three elements must be established before the Court may equitably subordinate a claim,

(1) The claimant must have engaged in some type of inequitable conduct;

(2) The misconduct must have resulted in injury to the creditors or conferred an unfair advantage on the claimant; and

(3) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy [Code]

*Matter of Lemco Gypsum, Inc.*, 911 F.2d 1553 (11th Cir.1990), rehearing denied *Allied Eastern States Maintenance Corp. v. Miller*, 930 F.2d 925, quoting *In re Mobile Steel Co.*, *supra* at 699–700. "The claim can be subordinated only to the extent necessary to offset the harm suffered by the [Debtor] and its creditors on account of that conduct." *Id.*

 The Trustee contends that Tallard, in allegedly controlling the Debtor's Board of Directors, supported the acquisition of the Charles Chips Corp. which, in turn, led to the financial downfall of the Debtor. Contrary to this position, however, the record reflects that Tallard controlled only two of the five members of the Debtor's Board of Directors and, therefore, did not control the Board. Further, no evidence has been presented that the Charles Chips acquisition led to the financial downfall of the Debtor or that the Debtor was undercapitalized.

 In addition, the Trustee contends that at the time the Note was executed, the Debtor was undercapitalized and losing money and that Tallard, as an insider of the Debtor, knew that the Debtor would not be able to pay back the money due to extreme cash flow problems. There is no evidence in the record, however, that at the time the loan was made, Tallard knew that the Debtor would not have been able to pay back the loan. In

fact, projections dated April 3, 1994, which were prepared by the Debtor's Board of Directors, reflect that a $1,500,000 advance would enable the Debtor to break even in four months from the date of the loan. Tallard Exhibit 9.

After reviewing the record and the applicable law, this Court concludes that the Trustee has failed to meet his burden of proof in overcoming the prima facie validity of Tallard's claim. Tallard has adequately established its unsecured claim in the amount of $1,500,000.00 and no evidence has been presented to support the equitable subordination of its claim. The Trustee's Objection, therefore, should be overruled and Claim No. 483 should be allowed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Amended Objection to Claim No. 483 be, and the same is hereby overruled. Claim No. 483 is hereby allowed as filed as a general unsecured claim in the amount of $1,500,000.00.